IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick Augustine, #275414, | C. A. No. 2:06-2315-MBS-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Warden, Kershaw Correctional Inst., | |
| Respondents. | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on December 27, 2006. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Frederick Augustine, is presently confined to Wateree River Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Marion County. Petitioner was indicted at the August 24, 2000, term of the grand jury for Marion County for burglary, first degree, armed robbery, possession of a weapon during the commission of a crime of violence, lynching, second degree, conspiracy, and failure to stop for a blue light. Also, at the February 22, 2001, tern of the grand jury for Marion County, Petitioner was indicted for distribution of crack cocaine

1

and distribution of crack cocaine within proximity of a school. Petitioner was represented by Eddie Whittington, Esquire.

On May 21, 2001, Petitioner appeared before the Honorable Casey Manning and pled guilty to distribution of crack cocaine; distribution of crack cocaine within proximity of a school; burglary, second; conspiracy; failure to stop for a blue light; and possession of a weapon during the commission of a violent crime. The armed robbery charge and the lynching charge were nolle prossed. Pursuant to a negotiated sentence, Judge Manning sentenced Petitioner to: fifteen (15) years imprisonment for distribution of crack cocaine; ten (10) years, concurrent, for distribution of crack cocaine within proximity of a school; fifteen (15) years, concurrent, for burglary, second; five (5) years, concurrent, for conspiracy; three (3) years, concurrent, for failure to stop for a blue light and; five (5) years, consecutive, for possession of a weapon during the commission of a violent crime. Petitioner did not appeal his convictions or sentences.

Petitioner next filed in Marion County Common Pleas Court an Application for Post-Conviction Relief (APCR), on September 27, 2001 (01-CP-33-401). (App. pp. 35-40). The State filed a Return on November 22, 2002. (App. pp. 41-44). A hearing was held on December 19, 2002, before the Honorable B. Hicks Harwell at which Petitioner was present and represented by J.P. Williams, Esquire

At the hearing, Petitioner asserted he was being held in custody unlawfully because of excessive sentencing. Petitioner further urged the court to vacate the possession of a weapon during the commission of a violent crime conviction. Judge Harwell agreed the sentence was illegal and on January 16, 2003, signed an Order granting the APCR. Judge Harwell found because Petitioner ultimately did not plead to a violent offense, the weapons plea was legally improper. However, the PCR court declined to vacate the conviction, instead Judge Harwell remanded for re-sentencing. (App. pp. 57-60).

Petitioner timely filed and served with the South Carolina Supreme Court a notice of appeal from Judge Harwell's Order. Assistant Appellate Defender Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his APCR appeal. On December 22, 2003, Cleary filed a Petition for Writ of Certiorari, in which she raised the following issue on behalf of Petitioner:

> Whether the PCR judge erred in remanding petitioner's ease to the trial court for resentencing where the proper remedy was to vacate his conviction for possession of a weapon during the commission of a crime of violence where petitioner was not convicted of a violent crime and thus the court lacked subject matter jurisdiction to accept his plea to a non-existent offense.

The State filed a Return to Petition for Writ of Certiorari on May 5, 2004. On August 15, 2005, the South Carolina Supreme

3

Court issued an Order vacating the PCR judge's ruling. The court found that the plea court had subject matter jurisdiction to take the plea to possession of a firearm. Further, the supreme court found Petitioner's plea to possession of firearm was not legally improper. The Remittitur was sent down on August 31, 2005.

Next, Petitioner brought this action on August 14, 2006[1].

The following documents have been made part of the record here:

    (1)  Appendix;

    (2)  Petition for Writ of Certiorari, dated December 22, 2003;

    (3)  Return to Petition for Writ of Certiorari, dated May 5, 2004;

    (4)  <u>Augustine v. State</u>, Mem. Op. No. 2005-MO-041 (Filed August 15, 2005);

    (5)  Remittitur, dated August 31, 2005.

The petitioner was provided a copy of the respondents' summary judgment motion on December 27, 2006, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner responded

---

[1] Because Petitioner is incarcerated, his habeas petition here is deemed filed when it was submitted to prison officials for mailing on August 14, 2006, in accordance with <u>Houston v. Lack</u>, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

to the motion on December 27, 2006. Hence it appears consideration of the motion is appropriate.

## **HABEAS ALLEGATIONS**

Petitioner raises the following allegation in the instant Petition for Writ of Habeas Corpus under 28 U.S.C. §2254:

> "... Petitioner did not plead guilty to any violent offenses. Therefore, his plea to possession of a weapon during commission of a violent crime was invalid ..."

## **DISCUSSION**

Dispositive of this entire habeas corpus petition is the fact that the petition is untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the

5

>     claim or claims presented could have been
>     discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1). 28 U.S.C. § 2244(2).

Here, the petitioner's conviction became final on May 31, 2001, that is ten (10) days after his sentencing on May 21, 2001. Thereafter Petitioner had one year, until May 31, 2002, to bring a petition for a writ of habeas corpus in federal court. However, the federal statute was tolled during the pendency of Petitioner's PCR which was filed on September 27, 2001. Therefore one hundred seventeen (117) days of nontolled time passed between when his conviction was finalized before he filed his PCR. The time remained tolled until the South Carolina Supreme Court issued the Remittitur on August 31, 2005.

Petitioner then had two hundred forty eight (248) days, that is until May 7, 2006, to timely file his habeas petition here. He did not do so. He filed the instant petition on August 14, 2006, over three (3) months too late. As a result, this petition is barred by the AEDPA's statute of limitations.

6

**CONCLUSION**

Accordingly, for the aforementioned reason, it is recommended that this petition be denied as untimely.

Respectfully Submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March 29, 2007

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).