**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Frederick Augustine, #275414, ) | |
| ) | C/A No. 2:06-cv-2315-MBS |
| Petitioner, ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Warden, Kershaw Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Frederick Augustine is presently confined in the Wateree River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On August 14, 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent filed a motion for summary judgment on December 27, 2006. By Order issued January 3, 2007, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. Petitioner responded to the summary judgment motion on February 9, 2007.

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the summary judgment motion and response and filed a Report and Recommendation on March 30, 2007. (Magistrate Judge Robert S. Carr, Report and Recommendation (Entry 16).) The Magistrate Judge recommended that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice as untimely. (*Id.* at 7.) Petitioner filed an Objection to the Report on April 18, 2007.

The Magistrate Judge makes only a recommendation to the court. *Mathews v. Weber*, 423

---

[1] The court has given Petitioner the benefit of an August 14, 2006 "delivery" date. *See Houston v. Lack*, 487 U.S. 266 (1988).

U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id*. The court is charged with conducting a *de novo* review of portions of the Report to which specific objection has been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**I.     FACTS.**

The facts underlying Petitioner's claims are set forth at length in the Magistrate Judge's Report and Recommendation, transcripts of prior state court proceedings, and the parties' submissions. On May 21, 2001, Petitioner pleaded guilty before the Honorable L. Casey Manning to distribution of crack cocaine, distribution of crack cocaine within proximity of a school, conspiracy, second degree burglary, failure to stop for a blue light, and unlawful possession of a firearm during commission of a violent crime. Pursuant to a negotiated sentence, Petitioner was sentenced to fifteen years imprisonment for distribution of crack cocaine, ten years concurrent for distribution of crack cocaine within proximity of a school, five years concurrent for conspiracy, fifteen years concurrent for second degree burglary, and three years concurrent for failure to stop for a blue light. Additionally, Petitioner was sentenced to five years imprisonment for unlawful possession of a firearm during commission of a violent crime, to run consecutively, for a total term of imprisonment of twenty years.

Petitioner did not file a direct appeal. Petitioner filed an application for state post-conviction relief on September 27, 2001. A hearing was held before the Honorable B. Hicks Harwell, Jr., on December 19, 2002. At the hearing, Petitioner alleged that the trial court lacked subject matter jurisdiction to accept his plea to possession of a weapon during the commission of a violent crime,

as Petitioner was not convicted of any violent crimes. Finding Petitioner's sentence legally improper, Judge Harwell remanded the case for resentencing but denied Petitioner's request to vacate the possession of a weapon conviction.

On December 22, 2003, Petitioner filed a petition for writ of certiorari to the South Carolina Supreme Court requesting review of Judge Harwell's decision. In an August 15, 2005 opinion, the South Carolina Supreme Court held that Judge Harwell erred in remanding the matter for a new sentencing hearing. Specifically, after reviewing the record, the South Carolina Supreme Court ruled that Petitioner knowingly, intelligently, and voluntarily agreed to plead guilty to possession of a weapon during the commission of a violent crime. On August 31, 2005, the South Carolina Supreme Court issued the remittitur to the Marion County Clerk of Court. Petitioner filed this habeas petition on August 14, 2006.

## II.     ANALYSIS.

Petitioner asserts that the Magistrate Judge erred in finding that his action is time-barred under 28 U.S.C. § 2244(d). § 2244(d) provides in part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . . The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on May 31, 2001. One hundred and nineteen days passed before Petitioner filed an application for state post-conviction relief on September 27, 2001. Following the South Carolina Supreme Court's issuance of a remittitur on August 31, 2005, an additional three

hundred and forty-eight days passed before Petitioner filed this habeas petition. Petitioner does not contest that his petition is untimely, as a total of 467 countable days passed from the date the one-year limitation period commenced on May 31, 2001, and the filing of the § 2254 petition on August 14, 2006.

The one-year limitations period is "subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is "reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. Petitioner would be entitled to equitable tolling of the limitations period if he "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of Respondent prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *Harris*, 209 F.3d at 329-30.

Petitioner requests the court allow him to file a "belated appeal," because he did not knowingly and intelligently waive his right to file a direct appeal of his guilty pleas and sentences. (Objection, 8.) The court construes Petitioner's argument as asserting that Petitioner is entitled to equitable tolling of the one-year statute of limitation, because he involuntarily waived his right to seek direct review. The court, however, disagrees with Petitioner for the following reasons.

First, Petitioner's involuntary waiver claim is procedurally defaulted since Petitioner failed to exhaust available state court remedies. *See Longworth v. Ozmint*, 377 F.3d 437, 447-48 (4th Cir. 2004). In his state post-conviction relief application, Petitioner never addressed the waiver issue he

is now raising on federal habeas review. (*See* Record at 42, *Frederick Augustine v. State*, 2001-CP-33-401 (Ct. of Common Pleas 2002).) Second, the court's review of the record reveals that Petitioner was informed of his appellate rights at the May 21, 2001 hearing. For example, during the hearing, Judge Manning informed Petitioner of his right to appeal. (*See* Record at 26, *State v. Frederick Augustine*, 2001 GS 33 01 (Ct. of Gen. Sessions 2001).) Judge Manning further notified Petitioner that he had ten days to file a notice of appeal. (*Id.*) While Petitioner alleges that he did not knowingly and intelligently waive his right to appeal, Petitioner's allegation is not supported by the record. Thus, the court does not find any extraordinary circumstances to justify tolling of the statute of limitations. *Harris*, 209 F.3d at 329-30. Petitioner's § 2254 motion is time-barred.

### III.     CONCLUSION.

The court concurs in the Magistrate Judge's recommendation to **grant** Respondent's motion for summary judgment (Entry 12). For the reasons stated therein and in this Order, the petition is dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED**.

S/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

June 11, 2007
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**